UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Troy M. Franzosa,

                Plaintiff,

vs.

Nancy A. Berryhill, Acting
Commissioner of Social Security,

                Defendant.

Civil Action No.: 9:17-cv-743-AMQ

**ORDER AND OPINION**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff Troy M. Franzosa ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on May 9, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 21). Plaintiff filed objections to the Report ("Objections") on May 23, 2018 (ECF No. 23), and the Commissioner filed her Reply on June 1, 2018. (ECF No. 24.) The Court has reviewed Plaintiff's Objections, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB benefits on August 28, 2012. (Tr. at 106.) Plaintiff alleges a disability onset date of

November 9, 2011. (Tr. at 15.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 106.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 3, 2014. (Tr. at 106.) On September 19, 2014, the ALJ issued a ruling and denied Plaintiff's claim. (Tr. at 106-114.) The Social Security Appeals Council remanded the case to the ALJ, and a second hearing was held on November 19, 2015. (Tr. at 15.) The ALJ subsequently denied Plaintiff's claim in a decision on December 30, 2015. (Tr. at 26.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. at 1), thereby making the ALJ's December 2015 decision the final decision of the Commissioner. (Tr. at 1-3.) Plaintiff filed an action in this Court on March 20, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Commissioner's final decision be affirmed. (ECF No. 21 at 27.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's

findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, after setting forth the relevant facts and background, the Magistrate Judge considered Plaintiff's assertions that the ALJ's decision was not supported by substantial evidence and that, in reaching his decision, the ALJ erred because: (1) he failed to properly evaluate the opinions of treating pain specialist Dr. Robert Schwartz; (2) failed to consider the record as a whole; and (3) asked the Vocational Expert ("VE") inadequate questions which did not include all of Plaintiff's limitations. (ECF No. 21 at 13.) The Magistrate Judge first addressed the opinion of Dr. Schwartz, acknowledging that the ALJ gave little weight to his opinion of disability in finding that his opinion was not supported by his own treatment notes and other substantial evidence in the case record. (ECF No. 21 at 15.) The Magistrate Judge agreed with the ALJ, finding that substantial evidence supports the ALJ's weighing of the opinions of Plaintiff's treating physician, and that the ALJ gave appropriate attention and discussion of Dr. Schwartz's records in his analysis, and his reasons for discounting Dr. Schwartz's opinions. (ECF No. 21 at 16-18.) The Magistrate Judge noted that in discounting the opinion of Dr. Schwartz, the ALJ properly gave some weight to the assessments completed by the state agency physicians, who concluded that Plaintiff's medical records and evidence supported a finding that he could perform a light range of light work. (ECF No. 21 at 18.) The Magistrate Judge concluded that the ALJ's decision did not reflect an improper consideration or analysis of the opinion of Dr. Schwartz or a failure by the ALJ to properly consider Dr. Schwartz's opinion along with the record and evidence as a whole. (ECF No. 21 at 19.)

Next, the Magistrate Judge addressed the charge that the ALJ erred by asking the VE inadequate hypothetical questions. (ECF No. 21 at 20.) The Magistrate Judge set forth the

relevant case law which emphasizes that an ALJ is not required to include limitations in his hypothetical questions to the VE that he finds are not supported by the record. (ECF No. 21 at 21.) Specifically, the Magistrate Judge noted that that the second hypothetical posed to the VE included all of the limitations the ALJ included in his Residual Functional Capacity ("RFC") finding, and, therefore, was a proper hypothetical to pose to the VE. (ECF No. 21 at 22.) In so reviewing, the Magistrate Judge also gave consideration to the ALJ's RFC assessment which was based on the entire record and sufficiently explained the weight given to the opinion evidence. (ECF No. 21 at 23.) In sum, the Magistrate Judge concluded that there is substantial evidence in the case record to support the ALJ's finding that Plaintiff was able to perform light work with the restrictions noted. Therefore, the Magistrate Judge concluded that Plaintiff's contention that the ALJ failed to properly evaluate the evidence in formulating his hypothetical to the VE and in making his RFC findings is without merit. (ECF No. 21 at 26.) The Magistrate Judge concluded that there was substantial evidence in the record to support the determination that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. (ECF No. 21 at 27.)

### III. PARTIES' RESPONSE

Plaintiff filed brief Objections to the Report on May 23, 2018. (ECF No. 23.) In his Objections, Plaintiff took issue with the weight accorded to the opinion of Dr. Schwartz by the ALJ. Plaintiff argues that the Magistrate Judge did not cite any persuasive contradictory evidence which would allow the Court to discount the opinion testimony of Dr. Schwartz. (ECF No. 23 at 2.) Plaintiff indicated that he was not asking the Court to reweigh the evidence, but was instead asking the Court to apply the Fourth Circuit law concerning the appropriate weight to be afforded to a treating physician's opinion. (ECF No. 23 at 2-3.) Plaintiff also opposed the hypothetical

questions posed to the VE in claiming that the questions did not consider the severity of Plaintiff's impairments and the functional limitations reported by Dr. Schwartz. (ECF No. 23 at 3.) Finally, Plaintiff argues that there is not substantial evidence to support the ALJ's conclusion that Plaintiff had the functional capacity to perform the lifting, carrying, standing and walking requirements of light work. (ECF No. 23 at 3-4.) The Commissioner filed a response to Plaintiff's Objections, noting that Plaintiff's Objections fail to raise new issues, but instead repeated arguments made in prior briefing before the Court. (ECF No. 24 at 2.)

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

### B.    ANALYSIS AND DISCUSSION

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the

inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: valvular heart disease; status post right wrist fracture; impingement syndrome and subacromial bursitis of the right shoulder status post rotator cuff repair; reflex sympathetic dystrophy ("RSD") and peripheral neuropathy with causalgia of the left lower extremity. (Tr. at 17.) The ALJ found that these impairments impose more than a slight limitation on his ability to perform work-related functions and that they are severe impairments. (Tr. at 17.) The ALJ found, after careful consideration of the entire record, that Plaintiff has the RFC to perform light work with certain restrictions. (Tr. at 18.) For step five of the sequential analysis, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony of the VE, to conclude that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 25.)

As set forth above, Plaintiff's objections to the Report concern three topics: (1) weight accorded to the opinion of Dr. Schwartz; (2) hypothetical questions posed to the VE; and (3) whether substantial evidence supported the conclusion of the ALJ that Plaintiff had the functional capacity to perform the lifting, carrying, standing and walking requirements of light work. (ECF No. 23.) In reviewing Plaintiff's Objections, the Court finds they substantially repeat arguments previously considered by the Magistrate Judge and addressed fully in the Report made to this Court. The Court agrees with the Magistrate Judge's well-reasoned analysis on these points and, therefore, need not exhaustively repeat the discussion here.

In terms of Plaintiff's Objection concerning the weight accorded to Dr. Schwartz's opinion, in conducting a *de novo* review, this Court finds that the ALJ offered good reasons for giving little weight to Dr. Schwartz's opinions. (Tr. at 24.) Generally, an ALJ will "accord greater weight to the testimony of a treating physician," but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)("The treating physician rule is not absolute."). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255–56 (4th Cir. 2017). Here, the ALJ indicated, among other things, that the conclusions and opinions of Dr. Schwartz did not mirror his own treatment records. (Tr. at 24.) Ultimately, it is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the Commissioner] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

Cir. 1966). For these reasons, this Court agrees with the Magistrate Judge's assessment of the evaluation of Dr. Schwartz's opinion.

The Magistrate Judge also fully addressed the propriety of the hypothetical questions posed to the VE. Again, Plaintiff's Objection concerns the weight afforded to Dr. Schwartz's opinion concerning Plaintiff's pain, functioning and limitations, in that Plaintiff claims that the hypothetical questions did not take these limitations into account. (ECF No. 23 at 3.) "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006)(internal citation and quotations omitted). The ALJ, however, is not required to include limitations or qualifications in his hypothetical that are not supported by the evidence and the record. *See Lee v. Sullivan*, 945 F.2d 687, 692 (4th Cir.1991)("That qualification was not sustained by the evidence and the vocational expert's testimony in answer to the question was without support in the record.").

As correctly noted by the Magistrate Judge, the hypotheticals posed to the VE included all of the limitations the ALJ included in his RFC finding (Tr. at 18, 66-68.) That RFC assessment is supported by the record for the reasons set forth by the Magistrate Judge. Plaintiff takes no issue with the RFC in his Objections, nor does the VE's testimony stand in conflict with the RFC assessment. The hypothetical questions posed to the VE adequately reflect Plaintiff's credible limitations based on the record, and, therefore, the Court overrules this Objection, finding no error in the Magistrate Judge's analysis. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)("Having concluded that substantial evidence supports the ALJ's decision that Johnson suffers from no more than a slight emotional impairment, a slight impairment in gross and fine

manipulation, and that any alleged drowsiness is not disabling, the hypothetical questions posed to the vocational expert adequately reflected Johnson's characteristics at the date she was last insured."); *see also Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 101 (4th Cir. 2015)(unpublished opinion)("Indeed, when the ALJ posed hypotheticals to the VE that set out all of Ms. Tanner's credible limitations, the VE responded that Ms. Tanner could perform the jobs of packer, assembler, marker pricer, sorter, and inspector.").

As to Plaintiff's final Objection, this Court is satisfied that the ALJ's findings are based on substantial evidence. Plaintiff's Objection on this point, fails to present any additional information or arguments not already addressed in briefing to the Court and the Report. This Court has not been presented with any reason to deviate from the Report's well-reasoned conclusion that the ALJ's decision is supported by substantial evidence in light of the record and the applicable law.

## V.    CONCLUSION

After a thorough *de novo* review of the Report and the record in this case pursuant to the standard set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 20, 2018
Greenville, South Carolina